# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDWARD WALTERS,<br>         Appellant, | DOCKET NUMBER<br>DE-0752-20-0027-I-1 |
|     v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: December 23, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

R. Chris Pittard, Esquire, San Antonio, Texas, for the appellant.

Neil Stephenson, Alvin Pieper, and Alexandra McNeal, White Sands
    Missile Range, New Mexico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based on the charge of conduct unbecoming. On petition for review, the appellant alleges that the testimony by one of his former supervisors during the hearing was false and argues that the

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge erred in concluding that he failed to meet his burden of proving his affirmative defenses of retaliation for prior protected equal employment opportunity (EEO) activity and a due process violation. Petition for Review (PFR) File, Tab 1 at 7-14. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis regarding the appellant's EEO retaliation affirmative defense, we AFFIRM the initial decision.

Regarding the appellant's claim that his former supervisor's testimony was false, the Board must give due deference to an administrative judge's credibility determinations when, as here, they are based on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge reached his conclusion based on the record as a whole, relying on his demeanor-based credibility determinations of witness testimony in crediting the former supervisor's account of events over the contrary testimony by the appellant. *See* Initial Appeal File (IAF), Tab 52, Initial Decision (ID) at 6-9 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)).

Accordingly, the appellant's allegation provides no basis to disturb the administrative judge's finding. *Haebe*, 288 F.3d at 1301; *see Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004) (stating that "sufficiently sound" reasons for overturning an administrative judge's demeanor-based credibility determinations include circumstances when the administrative judge's findings are incomplete, inconsistent with the weight of evidence, and do not reflect the record as a whole).

Regarding the appellant's EEO retaliation affirmative defense, in the initial decision the administrative judge determined that the appellant failed to present any evidence to support his contention that the appellant's prior EEO activity was a motivating factor in the agency's decision to remove him, concluding that he did not provide any direct or circumstantial evidence of retaliation, did not show a "convincing mosaic" of reprisal, and did not provide comparator evidence or evidence that the removal decision was pretextual, citing *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42, 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. *See* ID at 15-16. In *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24, the Board clarified that the analysis identified in *Savage* does not require administrative judges to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards or require appellants to demonstrate a "convincing mosaic" of discrimination or retaliation. Instead, the dispositive inquiry is whether, considering the evidence as a whole, the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Gardner*, 123 M.S.P.R. 647, ¶ 30.

Here, the administrative judge mentioned the distinction between direct and circumstantial evidence, but there is no indication that he disregarded any evidence because it was not direct or circumstantial. *See* ID at 14-16. Additionally, the administrative judge found that the appellant failed to present

any credible evidence supporting his claim of reprisal for EEO activity, crediting the deciding official's testimony that he had no recollection about the details of the appellant's EEO activity. ID at 15-16. The administrative judge also concluded that there was no evidence that the appellant's EEO activity was directed at the deciding official, or that the EEO activity played any role in the deciding official's removal decision. ID at 15-16. Consequently, we modify the initial decision to apply the correct standard, but we still conclude that the administrative judge properly determined that the appellant failed to prove by preponderant evidence that reprisal was a motivating factor in his removal.[2] *See* ID at 16.

Finally, we also see no reason to disturb the administrative judge's finding that the appellant did not meet his burden of proving his due process affirmative defense claim. *See* ID at 16-18. On review, the appellant restates his argument that because the deciding official was aware of a verbal disagreement between the appellant and a coworker that preceded the removal proposal, the deciding official violated the appellant's due process rights by considering ex parte information. PFR File, Tab 1 at 13. The administrative judge considered this argument below, but determined that because there was no credible evidence in the record that the deciding official considered the earlier incident, the appellant failed to prove this claim. ID at 17; *see* IAF, Tab 34, Hearing Compact Disc (testimony of the deciding official). We discern no basis for disturbing the administrative judge's well-reasoned finding on review. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (same).

Accordingly, we deny the petition for review and affirm the initial decision which affirmed the agency removal action, as modified to clarify the appropriate standard applicable to the appellant's EEO retaliation affirmative defense claim.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.